**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

LEONEL ANTONIO ORDONEZ LUNA, and
JUAN FERNANDO PINEDA JIMINEZ,

Petitioners,

9:26-cv-1227
(ECC)

v.

MICHAEL BALL, In his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement; DAVID VENTURELLA, In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Acting Secretary of Homeland Security; and TODD BLANCHE, In his official capacity as U.S. Attorney General,

Respondents.

---

Matthew Borowski, Esq., *for Petitioners*
Alexis M. Osborne, Assistant United States Attorney, *for Respondents*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**DECISION AND ORDER**

Currently pending before the Court is Petitioner Juan Fernando Pineda Jimenez's motion for reconsideration pursuant to Fed. R. Civ P. 59(e). Dkt. No. 15. On August 6, 2026, the Court issued a Memorandum-Decision and Order that, in relevant part, denied Pineda's request for habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 13. Specifically, the Court found that Pinenda's due process rights were not violated when he was arrested and detained on June 13, 2026, and he was therefore not entitled to the immediate release he sought. *Id.* at 5-16. On August 12, 2026, Pineda filed a motion for reconsideration, requesting the Court

> modify the disposition as to [Pineda] by conditionally granting the Petition and directing Respondents to provide, within seven days or such other brief period as the Court considers appropriate, a bond hearing before an immigration judge at which:
>
> (1) Respondents bear the burden of proving by clear and convincing evidence, based on changed circumstances since Pineda's release on his own recognizance, that he presents a danger to the community or a risk of flight;
>
> (2) The immigration judge considers whether less restrictive alternatives to detention can reasonably address any governmental interests; and
>
> (3) If monetary bond is set, the immigration judge considers Pineda's ability to pay.

Dkt. No. 15 at 1-2. The Court held a conference on Pineda's motion for reconsideration the same day it was filed, at which time counsel confirmed that the relief currently sought was not requested in the underlying petition. Counsel further confirmed that Pineda initially declined a bond hearing upon his arrest and detention, and had not requested a bond hearing as of August 12. At the conference, counsel for Respondents stated their opposition to Pineda's motion for reconsideration. Counsel for Pineda has since filed a supplemental letter brief in support of his motion, which the Court has also considered. Dkt. No. 16.

"A court may grant a Rule 59(e) motion 'only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Berardi v. Berardi*, No. 1:22-cv-00159 (BKS/DJS), 2023 WL 4544625, at *3 (N.D.N.Y. June 12, 2023) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc*., 970 F.3d 133, 142-43 (2d Cir. 2020)). "Further, '[t]he standard for granting a motion to amend or alter the judgment pursuant to [Rule] 59(e) in the Second Circuit is strict and reconsideration will generally be denied.'" *Id.* (quoting *Marshall v. United States*, 368 F. Supp. 3d 674, 677 (S.D.N.Y. 2019)).

Here, Pineda has not pointed to any controlling legal decisions or new evidence that the Court overlooked in reaching its decision on the issues raised in the underlying petition. Pineda is not challenging the Court's determination that his due process rights were not violated during his re-arrest and subsequent detention. Instead, Pineda raises new claims challenging the parameters of a future bond hearing; a hearing which he is undisputedly entitled to but has yet to take advantage of. Pineda concedes that he did not squarely raise these arguments in the original petition, and this Court is not persuaded by counsel's argument that the issue was otherwise preserved by Respondents' opposition. Even if the Court were to construe Respondents' opposition as somehow "opening the door" to challenge the constitutionality of any future bond hearing, Petitioner did not articulate such a challenge, or request for alternative relief, in his reply papers. On this basis alone, the pending motion for reconsideration is not the proper vehicle for Pineda's new claims based on events other than his arrest. *Cohen v. Jamison*, No. 23-cv-1304, 2023 WL 3412762, at *2 (S.D.N.Y. May 12, 2023) (denying Plaintiff's Rule 59(e) motion because "rather than seeking reconsideration of the Court's denial of the claims in his original petition, Petitioner is using a motion for reconsideration to bring new claims. A motion for reconsideration, however, is not an appropriate avenue to raise new claims based on new and different facts . . . .").

Even if the issues raised in Pineda's pending motion for reconsideration were properly before this Court, his arguments lack merit. Pineda has not established, and this Court has not found, a violation of his constitutional rights for which an award of habeas relief would be appropriate. *See Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) ("[A petition for a writ of habeas corpus under Section 2241] authorizes a district court to grant a writ of habeas corpus *whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States*.'") (quoting 28 U.S.C. § 2241(c) (emphasis added)). To the extent Pineda argues that he

has not been provided a prompt bond hearing, as previously discussed this is because he initially declined, and thus far has refused to elect, that a bond hearing be held on his behalf. Furthermore, to the extent Pineda contends that any bond hearing he receives will not conform to constitutional standards, he has failed to persuade the Court that prospective habeas relief assuming a future violation of his rights is appropriate under these circumstances.

For all of these reasons, Pineda's motion for reconsideration pursuant to Rule 59(e) is denied.

**IT IS SO ORDERED.**

Dated: August 27, 2026

Elizabeth C. Coombe
U.S. District Judge